## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ELGIN VINE,

      Petitioner,

vs.                                                       No. CV 15-00461 LH/LF

JAMES JANECKA, WARDEN and
THE ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2254 Proceedings and Fed. R. Civ. P. 12(b)(6) on the Re-Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner Elgin Vine on May 28, 2015 (Doc. 1). The Court finds that Petitioner Vine's § 2254 claims are barred by the 1-year statute of limitations of 28 U.S.C. § 2244(d)(1) and will dismiss the Re-Petition.

Petitioner Elgin Vine was convicted by a jury of second degree murder in State of New Mexico, County of Lea, Fifth Judicial District Court cause no. D-506-CR-201100222. The Amended Judgment on his conviction was entered on June 11, 2012. (Doc. 12-1 at 17). Petitioner Vine filed a direct appeal from the criminal Judgment, and his conviction was affirmed by the New Mexico Court of Appeals on December 6, 2012. The New Mexico Supreme Court denied his Petition for Writ of Certiorari on February 7, 2013. (Doc. 12-1 at 20). The Judgment on his conviction and sentence became final 105 days later on May 23, 2013, when he did not seek reconsideration of the New Mexico Supreme Court's ruling or further review in the United States Supreme Court. *See Harris v. Dinwiddie,* 642 F.3d 902, 906 n. 6 (10th Cir. 2011).

Vine then filed his first Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 in this Court on February10, 2014. *See* CV 14-00126 JCH/SCY Doc. 1. His first § 2254 Petition raised four issues: (1) violation of his constitutional rights because his conviction was based on his own statements; (2) violation of his constitutional rights because he was convicted in the absence of evidence of his mens rea to kill the victim; (3) failure of the state trial court to instruct the jury on imperfect self-defense; and (4) cumulative error. (CV 14-00126 JCH/SCY Doc. 13 at 2). The Court determined that only issue (3) had been exhausted in the New Mexico appellate courts by his direct appeal. The Court gave Petitioner Vine the option to either withdraw his unexhausted claims and proceed forward on the exhausted claim or to have the entire case dismissed without prejudice in order to permit him to exhaust his state court remedies. (CV 14-00126 JCH/SCY Doc. 13, 14). Vine sought a stay of proceedings, instead, but the Court concluded that the circumstances for a stay did not exist. The Court dismissed the proceeding without prejudice on January 28, 2015. (CV 14-00126 JCH/SCY Doc. 17).

While Vine's first § 2254 Petition was pending in this Court, Vine filed a petition for a writ of habeas corpus in his State-court proceeding on May 19, 2014.[1] (Doc. 12-1 at 1). In his State habeas corpus petition, he raised four issues: (1) self-incrimination; (2) no corpus delicti; (3) lack of evidence to support a verdict beyond a reasonable doubt; and (4) cumulative error. (Doc. 12-1 at 1-14). The State district court denied Vine's State habeas petition on January 14, 2015. (Doc. 12-1 at 34). The New Mexico Supreme Court denied issuance of a writ of certiorari to review the district court's ruling on March 2, 2015. (Doc. 12-1 at 46). Under Rule 12-402(B)

---

[1] Vine's State-court petition was filed of record on June 19, 2014. However, because Vine properly invoked the New Mexico prisoner mailbox rule, it is deemed to have been filed on May 19, 2014, when it was placed in the internal prison mail system. *See* Rule 5-802(F) NMRA; Doc. 12-1 at 14-15.

of the New Mexico Rules of Appellate Procedure, the New Mexico Supreme Court's mandate became final 15 days later on March 17, 2015.[2]

Vine filed his second Re-Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on May 28, 2015. (Doc. 1).[3] His Re-Petition raises the same four issues that he asserted in his State habeas corpus petition. (Doc. 1 at 5). A period of 72 days elapsed between the time of the New Mexico Supreme Court's mandate under Rule 12-402(B), March 17, 2015, and the filing of his Re-Petition in this Court on May 28, 2015. The Respondents filed an Answer to the Re-Petition, raising, among other issues, the affirmative defense of statute of limitations. (Doc. 12).[4] Petitioner Vine filed his Reply to the State's Response In Re: 28 U.S.C. § 2254. (Doc. 15).

Petitions for a writ of habeas corpus by a person in state custody are governed by a one-year statute of limitations. 28 U.S.C. § 2244(d). Section 2244(d)(1) states:

> "A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

---

[2] The New Mexico Supreme Court's denial of certiorari was docketed in the State district court on March 5, 2015. However, the Court uses the later Rule 12-402(B) date as the date the State proceedings were concluded for purposes of calculating the tolling time under § 2244(d)(2).

[3] Again, although Vine's Re-Petition was docketed on June 1, 2015, he properly invoked the prisoner mailbox provision of Rule 3(d) of the Rules Governing Section 2254 Proceedings and his Petition is deemed to have been filed when he deposited it in the prison mail system on May 28, 2015. (Doc. 1 at 18).

[4] Respondents also raise questions of whether Vine's claims are second or successive and whether Vine still has not exhausted his State court remedies. Because Vine's first Petition was dismissed without prejudice for failure to exhaust, his claims in this case are not second or successive. *Slack v. McDaniel*, 529 U.S. 473, 476 (2000). The Court does not reach the exhaustion question in light of the Court's ruling that all claims are barred by the statute of limitations.

and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2244(d)(1).

Because all of the claims asserted by Petitioner Vine were available to him from the time Judgment was entered on his criminal conviction, the limitation period of § 2244(d)(1)(A) is the applicable period in this case. The 1-year period governing Vine's § 2254 claims, then, began to run on May 23, 2013, 105 days after the New Mexico Supreme Court's February 7, 2013 denial of certiorari in his direct appeal (15 days for reconsideration under Rule 12-404(A) NMRA and 90 days for filing of a petition in the United States Supreme Court). *Harris v. Dinwiddie,* 642 F.3d at 906 n. 6.

Section 2244(d) further provides:

"The time during which a properly filed application for State post-conviction
Or other collateral review with respect to the pertinent judgment or claim is
Pending shall not be counted toward any period of limitation under this
Subsection."

28 U.S.C. § 2244(d)(2). The 1-year statute of limitations for filing a § 2254 petition under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") runs from the time the conviction becomes final and is subject to statutory tolling. *See* 28 U.S.C. § 2244(d). This one-year statute of limitations is tolled while "a properly filed application for [s]tate post-conviction" relief is "pending." *See id.* § 2244(d)(2). Until a state habeas petition "has achieved final resolution through the state's post-conviction procedures, by definition it remains 'pending.' " *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002); *see also Holland v. Florida*, 560 U.S. 631, 635, 638, (2010). To determine the point at which a petitioner's state habeas proceedings become complete, the Court looks to the state's procedural rules. *See Wade v. Battle*, 379 F.3d 1254, 1260–62 (11th Cir. 2004). The 1-year statute of limitations clock begins to run again when the

4

proceedings on the state habeas corpus petition are finally concluded. *Holland v. Florida,* 560 U.S. at 638 (state habeas corpus proceedings were concluded and statute of limitations clock began to tick when the State Supreme Court issued its mandate). A § 2254 petition filed after the 1-year period has expired is time-barred. 28 U.S.C. § 2244(d).

Dismissal of a § 2254 habeas corpus petition on the grounds that it is time-barred properly proceeds under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Aguilera v. Kirkpatrick,* 241 F.3d 1286, 1290 (10th Cir. 2001). In this case, the Judgment on Vine's State criminal conviction became final on May 23, 2013, when the time for seeking U.S. Supreme Court review on direct appeal expired. Vine filed his State habeas corpus petition on May 19, 2014. (Doc. 12-1 at 1-14). A period of 361 days elapsed between finality of his criminal Judgment and the filing of his State petition, leaving 4 days remaining of the 1-year period for filing a § 2254 petition in this Court. Under New Mexico's Rules of Appellate Procedure, the State proceeding on Vine's State habeas corpus petition was concluded on March 17, 2015. Rule 12-402(B) NMRA. The time for him to file his federal § 2254 petition was tolled from May 19, 2014 to March 17, 2015 under § 2244(d)(2). *Carey v. Saffold*, 536 U.S. at 219–20; *Holland v. Florida*, 560 U.S. at 635, 638. The 1-year limitations period commenced to run again on March 17, 2015 and expired 4 days later on March 21, 2015. Vine, however, did not file his § 2254 Re-Petition until May 28, 2015, 68 days after the statute of limitations had run on his § 2254 claims. Absent equitable tolling, Vine's § 2254 claims are barred by the § 2244(d) statute of limitations.

Equitable tolling is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control. *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000); *Burger v. Scott,* 317 F.3d 1133, 1141 (10th Cir. 2003). Ignorance of the law, ignorance of the limitation period, and inability to

obtain legal assistance do not excuse the failure to file within the statutory time period. *See Miller v. Marr*, 141 F.3d 976, 977-78 (10th Cir. 1998); *Sanders v. Mahaffey,* No. 00-6101, 2000 WL 1730893, at *2 (10th Cir. Nov. 22, 2000); *Washington v. United States,* No. 99-3383, 2000 WL 985885, at *2 (10th Cir. July 18, 2000).

Vine contends that his Re-Petition should not be barred because this Court should have stayed, rather than dismissed, his first § 2254 Petition. (Doc. 15). The Court's decision not to grant a stay, however, does not afford him a basis for equitable tolling in this case. At the time his State habeas corpus proceeding was concluded, Vine still had 4 days in which to file his § 2254 petition in this Court. *Carey v. Saffold*, 536 U.S. at 219–20. Vine, however, chose to wait 72 days before he filed his Re-Petition on May 28, 2015. Vine's decision to wait 72 days does not constitute an extraordinary circumstance beyond his control that would entitle him to equitable tolling of the 1-year limitation period. *Marsh,* 223 F.3d at 1220.

Petitioner Vine's Re-Petition was filed 68 days after the expiration of the 1-year statute of limitations. No basis exists for tolling of the statute of limitations. Therefore, Vine's claims under 28 U.S.C. § 2254 are barred by the statute of limitations under § 2244(d). Vine's § 2254 Re-Petition fails to state a claim on which relief can be granted and must be dismissed under 28 U.S.C. § 2244(d) and Fed. R. Civ. P. 12(b)(6). Under rule 11 of the Rules Governing Section 2254 Cases, because Petitioner has failed to make a substantial showing of denial of a constitutional right, the Court will also deny a certificate of appealability.

**IT IS ORDERED** that the Re-Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed by Petitioner Elgin Vine on May 28, 2015. (Doc. 1) is **DISMISSED** with prejudice on the grounds that it is barred by the 1-year statute of limitations in 28 U.S.C. § 2244(d) and a certificate of appealability is **DENIED**.

_____
SENIOR UNITED STATES DISTRICT JUDGE